UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Stacy W. Howard**, | ) C/A No. 6:05-799-13AK |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| **Henry McMaster**, Attorney General of South Carolina; | ) |
| **Jon Ozmint**, Director of SCDC; and | ) |
| **Edsel Taylor**, Warden of MacDougall Correctional Institution, | ) |
| | ) |
| Respondents. | ) |

## INTRODUCTION

A "Petition for a Permanent Injunction" has been submitted to the Court by a state prison inmate, *pro se.*[1] Petitioner is confined at the MacDougall Correctional Institution, part of the South Carolina Department of Corrections' (SCDC) prison system. He has filed a pleading captioned as a "Petition" which names the South Carolina Attorney General, the Director of SCDC, and a the Warden of MacDougall Correctional Institution as Respondents. Within the body of Petitioner's pleading, he objects to certain SCDC rules and/or regulations relative to inmate access to a law library and the provision of photocopies, writing materials, and postage for indigent inmates. Petitioner claims that application of the current SCDC rules and regulations leaves him without "meaningful access to courts." In his claim for relief, Petitioner seeks orders from this Court requiring Respondents to change their policies; however, Petitioner cites to no statutory authority

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

which provides this Court with subject matter jurisdiction over his claims or authority to provide the relief requested.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## **DISCUSSION**

As stated above, Petitioner does not cite any statutory authority providing jurisdiction to this

Court for the consideration of his claims. However, the nature of the relief requested in the Petition is in the nature of mandamus against the state-official Respondents. *See* Black's Law Dictionary (8th ed. 2004)(mandamus definition: "A writ issued by a superior court to compel a lower court *or a government officer* to perform mandatory or purely ministerial duties correctly.")(emphasis added). *But cf.* 28 U.S.C. § 1361 (providing jurisdiction to district courts for mandamus actions against *federal* officials). Accordingly, for purposes of this Report and Recommendation, the *pro se* Petition in this case is liberally construed as one filed pursuant to 28 U.S.C. § 1651.[2] Because this Court cannot grant the relief requested by Petitioner under its writ jurisdiction, this case is frivolous and should be summarily dismissed.

Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. *See* Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner).

In Gurley, a state prisoner sought a writ of mandamus to compel the Superior Court of

---

[2]Section 1651 provides federal courts with jurisdiction to issue writs under limited circumstances and reads:

>  (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>  (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587.

      The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). In Davis, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also* Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See* Craigo, 624 F. Supp. at 414; *see also* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990). Since all Respondents in this case are officials and/or employees of the State of South Carolina, based on the authorities cited above, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against any of them.

**RECOMMENDATION**

 It is, therefore, recommended that the District Court dismiss the Petition filed in this case *without prejudice* and without issuance and service of process because this Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.

 Petitioner's attention is directed to the important notice on the next page.

             s/William M. Catoe
             United States Magistrate Judge

March 24, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**